IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| VICKY L. ISRAEL, | : |
| Plaintiff | : |
| VS. | : |
| | : 7 : 04-CV-120 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on October 21, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for Supplemental Security Income benefits on July 27, 2000, alleging disability since that date due to epilepsy, migraines, and asthma. Her application was denied throughout all administrative levels, with the ALJ determining that the plaintiff retained the ability to perform a limited range of work at all exertional levels, and that although she had no past relevant work, she was not disabled. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly discredited her subjective testimony of disability and that new evidence mandates a remand of this matter for further consideration.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.

20 C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence.  20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled.  However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ found that the plaintiff suffered from severe impairments in the form of migraine headaches, pseudo seizures and bronchitis.  He went on to find, however, that

> the objective information from various sources fails to support the magnitude of limitations imposed by these [migraine headaches] as stated by the claimant. . . . [consultative examiner] Dr. Barry Braun, as it relates to the claimant's alleged migraines, states that they are well controlled on medication. . . . [Treating physician Dr. Joseph Thomas] does not diagnose the claimant with migraines but rather indicates she has headaches. . . . Notes from the Behavioral Health Services organization shows the claimant reporting that the migraines that she has stated keep her bed ridden [sic] for days at a time were in 'remission. . . . As it relates to the claimant's seizure activity, the medical evidence is likewise at odds with the claimant's allegations. Initially, it is noted that very few of these seizures are witnessed by a disinterested third party. . . . the claimant . . . did have an EEG test done, and it showed no abnormalities whatsoever. . . . the records from the Behavioral Health Services document the seizures as being "in remission". . . . the [ALJ] notes the objective findings from the various medical professionals with whom the claimant has sought attention do not comport with the allegations regarding the nature, magnitude, and intensity of the pain.  As noted above, some of the doctor's reports are in direct conflict with the claimant's allegations and those that tend to agree with her statements are generally based on her statements only.  Objectively, there is little to support her allegations.

R. at 23-26.

A review of the record herein reveals that the ALJ's decision is not supported by substantial evidence. As the plaintiff points out, her testimony and allegations regarding seizure activity was supported by her husband's testimony and was witnessed by consultative examiner Dr. Barry Braun, who stated that "the patient had a gran[d] mal seizure in front of this physician . She demonstrated frank tonic clonic uncontrollable contractions. She did have loss of bladder control." R. at 198. Dr. Braun went on to conclude that "[t]his patient has a significant level of impairment. Despite medications, she still breaks through with 2-3 seizures on a weekly basis. . . . As a consequence of this patient's epilepsy, she poses significant risk to herself in any form of industrial work. The frequency precludes even sedentary work." R. at 200. The court notes that the indications of remission upon which the ALJ relies predate Dr. Braun's observations and findings. The medical records are replete with evidence that plaintiff sought treatment for and had received medications for her persistent seizure activity, as well as for her migraines, whether these were labeled as "headaches" or "migraines". While EEGs have been inconclusive, she did have a MRI of the brain that was ruled "abnormal" in August 2002. To the extent that the ALJ relied on the fact that very few of plaintiff's seizures had been witnessed by disinterested third parties, letters submitted by the plaintiff support a remand herein under Sentence Six.

Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985). In order to obtain a remand under Sentence Six, the plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the

evidence at the administrative level.  Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).

The new evidence at issue consists of letters from plaintiff's friends and family members regarding the witnessing of plaintiff's seizures.  The plaintiff contends that these letters are material new evidence, in that they "counter the ALJ's claim that few seizures had been witnessed by 'disinterested' third parties."  Plaintiff's brief at p. 4.  The Commissioner argues that these letters are cumulative and have little probative value.  However, the ALJ specifically relied on his conclusion that few of the plaintiff's seizures had been witnessed by third parties.  The letters submitted by the plaintiff specifically address this point and may prove to be probative in relation thereto.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, the Commissioner's decision is hereby **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g), for further consideration in accordance with the findings herein.
**SO ORDERED**, this 15th day of March, 2006.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb